UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE TOPPS COMPANY, INC. | CIVIL ACTION |
| VERSUS | NO. 18-4778 |
| PAUL JOSEPH LAPEYROUSE, JR. d/b/a FUNTIME CANDY & TOY and FUNTIME (XIAMEN) CANDY CO., LTD. | SECTION M (3) |

**ORDER & REASONS**

Before the Court is a motion to dismiss for insufficient service of process, or alternatively, for lack of personal jurisdiction, filed by defendant Paul Joseph Lapeyrouse, Jr. ("Lapeyrouse"),[1] to which plaintiff The Topps Company, Inc. ("Topps") responds in opposition,[2] and in further support of which Lapeyrouse replies.[3] Having considered the applicable law and the parties' memoranda, the Court issues this Order & Reasons.

**I.    BACKGROUND**

This is a patent infringement case. Topps filed this action against Lapeyrouse and a company with which he was affiliated, Funtime (Xiamen) Candy Co., Ltd. ("Funtime") (collectively "Defendants"), alleging that they infringed Topps' patent for "Juicy Drop Pop" lollipops by developing and offering for sale a competing lollipop called the "Squeezy Squirt Pop."[4] Topps learned of the Defendants' alleged connection to the "Squeezy Squirt Pop" through parallel litigation pending in the United States District Court for the Southern District of New York in which Topps brought patent and trade dress infringement claims against Koko's Confectionery & Novelty, a division of A&A Global Industries, Inc. ("Koko's"), for its

---
[1] R. Doc. 12.
[2] R. Doc. 19.
[3] R. Doc. 23.
[4] R. Doc. 1.

involvement with the marketing, importation, sale, and distribution of the "Squeezy Squirt Pop" in the United States ("the New York litigation").[5]

In November 2017, Topps attempted to serve subpoenas for documents related to the New York litigation on Lapeyrouse and Funtime at an address in Marrero, Louisiana, at which Topps thought Lapeyrouse resided.[6] The process server attempted service seven times between November 9, 2017, and November 20, 2017.[7] At each attempt, the process server noted that there were no vehicles present and nobody answered the door.[8] Also, on November 11, 2017, a neighbor approached the process server and told him that Lapeyrouse "mostly lives on a sailboat and is rarely there because he's traveling around [and] [h]e's currently in Florida and no idea when he'll be back."[9]

On January 3, 2018, Topps' counsel emailed a letter and the subpoenas to Lapeyrouse at an email address he used to communicate with Koko's.[10] Also on January 3, 2018, Topps' counsel sent the letter and subpoenas to Lapeyrouse at the Marrero address.[11] "P. Lapeyrouse" signed for the package on January 5, 2018.[12] That same day, a process server unsuccessfully attempted to serve the subpoenas on Lapeyrouse at the Marrerro address.[13] The process server reported that a neighbor told him that he believed that the camper in which Lapeyrouse was purportedly living was abandoned, and Lapeyrouse's brother lived next door to the camper.[14] Further, Lapeyrouse's brother told the process server that Lapeyrouse no longer lived at that

---

[5] *Id.* at 6-7; *see The Topps Company, Inc. v. Kokos' Confectionery & Novelty, a Division of A&A Global Industries, Inc.*, C/A No. 16-5954 (S.D.N.Y.). R. Doc. 19-3.
[6] R. Doc. 19-12.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] R. Doc. 19-13.
[11] R. Doc. 19-16.
[12] R. Doc. 19-17.
[13] R. Doc. 19-18.
[14] *Id.* at 1-2.

address and might be in the Bahamas.[15] The brother did not know when Lapeyrouse would return to the United States.[16]

In April 2018, Topps hired a private investigator to locate Lapeyrouse.[17] The private investigator discovered several addresses and businesses in Louisiana that have been associated with Lapeyrouse over the years.[18] Of note, the private investigator concluded that Lapeyrouse lived with his girlfriend, Sandra Estis ("Estis"), at 4877 Denice LeBlanc Lane in Barataria, Louisiana, because he was registered to vote at that address, it was the address on file for him with Equifax and TansUnion TLO, he paid utility bills at this address, and social media posts indicate that he and Estis are in a relationship and purchased a yacht together in August 2017.[19]

On May 9, 2018, Topps filed this action against Lapeyrouse and Funtime. On May 18, 2018, a private investigator called Lapeyrouse on his cell phone and asked if he would be available to receive a package at 4877 Denice LeBlanc Lane.[20] Lapeyrouse identified himself and confirmed that he received mail at that address, but stated that he was on "holiday" and a package could be left with a "family member" who would be at the house.[21] As a result of that conversation, Topps arranged for Kennith Landry ("Landry"), a process server, to deliver the summons and complaint to 4877 Denice LeBlanc Lane.[22]

In his declaration, Landry states that he went to the 4877 Denice LeBlanc Lane on May 18, 2018, and Angela Conley ("Conley") answered the door.[23] Conley invited Landry inside and discussed the matter with him while he completed the service paperwork.[24] Landry told Conley that the summons and complaint were for Lapeyrouse and the companies with which he was

---

[15] *Id.* at 2.
[16] *Id.*
[17] R. Doc. 19-31 at 13.
[18] *Id.*
[19] R. Doc. 19-23 at 2-3.
[20] *Id.* at 3.
[21] *Id.*
[22] *Id.*
[23] R. Doc. 19-22 at 1.
[24] *Id.*

3

affiliated.[25] Conley informed Landry that Lapeyrouse and Estis, Conley's daughter, were in the Bahamas, but Estis was on her way back.[26] Landry observed a large sailboat docked at the residence, and Conley said that Lapeyrouse and Estis keep the boat there when they are not sailing it.[27] Landry left the summons and complaint with Conely to give to Lapeyrouse.[28]

## II. PENDING MOTION

On June 29, 2018, Lapeyrouse filed the instant motion to dismiss for insufficient service of process, or alternatively, for lack of personal jurisdiction, arguing that Topps did not properly serve him with process pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, and that he is not subject to either specific or general personal jurisdiction in Louisiana.[29] Lapeyrouse argues that he does not reside at 4877 Denice LeBlanc Lane, and that even if he did, Conley was not an appropriate person to receive service for him there because she is a resident of Oklahoma.[30] Topps argues that this Court should accept its attempts to serve Lapeyrouse as sufficient, and deem him to have been properly served because he clearly has notice of this action considering that he hired attorneys to defend him and filed the instant motion to dismiss.[31]

## III. LAW & ANALYSIS

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a complaint for improper service of process. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed.).

---

[25] *Id.*
[26] *Id.*
[27] *Id.* at 1-2.
[28] *Id.* at 2.
[29] R. Doc. 12.
[30] R. Doc. 12-1 at 3-8. Lapeyrouse also makes arguments regarding personal jurisdiction. R. Doc. 12-1 at 8-13. Because the Court finds that Lapeyrouse was not properly served, it is unnecessary to discuss personal jurisdiction at this juncture.
[31] R. Doc. 19-31 at 17-19. Topps also makes arguments regarding personal jurisdiction, which the Court need not address at the time.. R. Doc. 19-31 at 19-23.

Rule 4(e)(1) of the Federal Rules of Civil Procedure, which governs service of process on individuals, provides:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;[32] or
>>
>> (2) doing any of the following:
>>
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>>
>>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>>
>>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Topps attempted to effectuate domiciliary service on Lapeyrouse by delivering a copy of the summons and complaint to a person at 4877 Denice LeBlanc Lane, which Topps contends is Lapeyrouse's residence. Although Topps's process server delivered the documents to a person at that address, Conley, it is undisputed that Conley does not reside there. In her affidavit, Conley states that she has been a resident of Oklahoma for over forty-five (45) years, and that she was visiting her daughter's house at 4877 Denice LeBlanc Lane on May 18, 2018, when she received the package from the process server.[33] Conley further states that she informed the process server that neither she nor Lapeyrouse resided at that address.[34] Whether Lapeyrouse resided at 4877

---

[32] Article 1231 of the Louisiana Code of Civil Procedure provides that service of process may be either personal or domiciliary. "Personal service is made when a proper officer tenders the citation or other process to the person to be served" at any location where "the officer making the service may lawfully go to reach the person to be served." La. Code Civ. P. arts. 1232 & 1233. "Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment." *Id.* art. 1234.

[33] R. Doc. 12-4 at 1-2.

[34] *Id.* at 2.

Denice LeBlanc Lane is immaterial because it is clear that Conley did not, and thus domiciliary service was not properly effectuated under Rule 4(e).

Topps, citing *Conwill v. Greenberg Traurig, LLP*, 2010 WL 2773239 (E.D. La. July 13, 2010), argues that this Court should deem its attempts at proper service to be good enough because Lapeyrouse has notice of this suit. In *Conwill*, the court stated:

> Whether service is effective turns on the facts and circumstances of each case. Where service complies precisely with the requirements of Rule 4(e), it will be effective for personal jurisdiction, even if the individual did not receive actual notice. *Smith v. Kincaid,* 249 F.2d 243, 244 (6th Cir. 1957); *Capitol Life Ins. Co. v. Rosen,* 69 F.R.D. 83, 88 n.3 (E.D. Pa. 1975). On the other hand, where the defendant has received actual notice of the action, "the provisions of Rule 4(e) should be liberally construed to effectuate service and uphold the jurisdiction of the court." *Karlsson v. Rabinowitz,* 318 F.2d 666 (4th Cir. 1963); *Rovinski v. Rowe,* 131 F.2d 687, 689 (6th Cir. 1942) (same). "The rules governing service of process are not designed to create an obstacle course for plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *TRW, Inc. v. Derbyshire,* 157 F.R.D. 59, 60 (D. Col. 1994). Rather, "the rules governing service of process are utilized for the purpose of providing a likelihood of bringing actual notice to the intended recipient," *Minnesota Mining & Mfr'g Co. v. Kirkevold,* 87 F.R.D. 317, 324 (D. Minn. 1980), and actual notice satisfies the due process notice requirement and provides the court with personal jurisdiction. *Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube, Inc*., 107 F.R.D. 665, 671 (S.D. Fla. 1985). Where the defendant receives actual notice and the plaintiff makes a good faith effort to serve the defendant pursuant to the federal rule, service of process has been effective. *Id.* Good faith efforts at service are effective particularly where the defendant has engaged in evasion, deception, or trickery to avoid being served. *Id.*
>
> "The service of process is not a game of hide and seek. Where service is repeatedly effected in accordance with the applicable rules of civil procedure and in a manner reasonably calculated to notify the defendant of the institution of an action against him, the defendant cannot claim that the court has no authority to act when he has willfully evaded the service of process." *Electronics Boutique Holdings Corp. v. Zuccarini,* No. Civ. A. 00-4055, 2001 WL 83388, at *9 (E.D. Pa. Jan. 25, 2001).

*Conwill*, 2010 WL 2773239, at *3-4 (quoting *Ali v. Mid-Atl. Settlement Servs., Inc.*, 233 F.R.D. 32, 35-36 (D.D.C. 2006)).

Applying that jurisprudence, the court in *Conwill* found that the plaintiff's attempts at service were sufficient to comply with Rule 4(e) because the process server left the documents at the defendant's address with a woman who claimed to be his wife. *Id.* at 4-5. Although the defendant later stated in his affidavit that the woman was actually a nanny, not his wife, the court was not satisfied that the defendant was being truthful. *Id.* The court deemed that the service was sufficient because it was made to the defendant's residence, where his wife also lived, and the defendant had notice of the suit. *Id.* at 5.

This case is distinguishable from *Conwill* because it is undisputed that Conley did not reside at 4877 Denice LeBlanc Lane when the service was attempted and never represented otherwise. Indeed, Conley informed the process server that she did not live at that address. Although Lapeyrouse has proved difficult to serve, Topps cannot rely on service that clearly does not comport with Rule 4(e). Nevertheless, the Court is concerned about the possibility that Lapeyrouse has purposefully made himself insusceptible to service anywhere, and the Court will not tolerate persistent purposeful evasion of service, especially when Lapeyrouse's able counsel can easily be authorized by Lapeyrouse's appointment to receive service of process on his behalf.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. "'Good cause' under Rule 4(m) requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)). Further, "courts normally require 'some showing of good faith on the part of the party

seeking an enlargement and some reasonable basis for noncompliance within the time specified.'" *Id*. (quoting *Lambert*, 44 F.3d at 299). Topps has demonstrated that it has diligently attempted to serve Lapeyrouse, but that he has proved difficult to serve. Therefore, the Court will grant Topps an additional ninety (90) days from the date of this Order & Reasons to properly serve Lapeyrouse pursuant to Rule 4(e).

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Lapeyrouse's motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that Topps is granted ninety (90) days from the date of this Order & Reasons to properly effectuate service on Lapeyrouse in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. If Topps does not do so, Topps' claims against Lapeyrouse will be dismissed without prejudice pursuant to Rule 4(m), unless Topps can demonstrate that its efforts at service are more in line with *Conwill v. Greenberg Traurig* and like cases.

New Orleans, Louisiana, this 17th day of January, 2019.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE